[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Department of Children and Families (DCF) filed a petition to terminate the parental rights of the respondent Carrie B. with respect to her son, Shawn B. The petition is based on Carrie's having failed to achieve sufficient personal rehabilitation following Shawn's having been adjudicated "uncared for.
"A hearing on a petition to terminate parental rights consists of two phases, adjudication and disposition. . . . In the adjudicatory phase, the trial court determines whether one of the statutory grounds for termination of parental rights exists by clear and convincing evidence."In re John G., 56 Conn. App. 12, 17, 740 A.2d 496 (1999)
The petitioner claims that the respondent failed to achieve sufficient personal rehabilitation. "Pursuant to General Statutes [§ 17a-112 (c) (3)(B)], a trial court may terminate parental rights when the parent has `failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, [the parent] could assume a responsible position in the life of the child. . . .'" In re John G., supra, 56 Conn. App. 17. "Personal rehabilitation as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent. . . . [Section 17a-112] requires the trial court to analyze the [parent's] rehabilitative status as it relates to the needs of the particular child, and further, that such rehabilitation must be foreseeable `within a reasonable time.'. . . `Rehabilitate' means `to restore [a handicapped or delinquent person] to a useful and constructive place in society through social rehabilitation. [Webster's] Third New International Dictionary. The statute does not require [a parent] to prove precisely when she will be able to assume a responsible position in her child's life. Nor does it require her to prove that she will be able to assume full responsibility for her child, unaided by available support systems. It requires the court to find, by clear and convincing evidence, that the level of rehabilitation she has achieved, if any, falls short of that which would reasonably encourage a belief that at some future date she can assume a responsible position in her child's life." In re Eden F., 250 Conn. 674, 706, 741 A.2d 373 (1999)
"If the trial court determines that a statutory ground for termination exists, it proceeds to the dispositional phase. In the dispositional phase, the trial court determines whether the termination of parental CT Page 12791 rights is in the best interests of the child. . . . The dispositional phase, like its adjudicatory cousin, also must be supported on the basis of clear and convincing evidence." (Citations omitted; internal quotation marks omitted.) In re Alissa N., 56 Conn. App. 203, 207, 742 A.2d 415
(1999) The petitioner has failed to sustain its burden of proof. Because there has been no visitation between Carrie and Shawn since May, 2000, the court has issued this abbreviated memorandum of decision. A more complete memorandum of decision will be issued within twenty days. SeeLauer v. Zoning Commission, 246 Conn. 251, 257, 716 A.2d 840 (1998)
DCF is ordered to resume supervised visits mother and son as soon as practicable. Visitation may be suspended if the respondent again behaves inappropriately, as she did in May, 2000.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court